## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFREY P. TURNER,<br>            Appellant, | DOCKET NUMBER<br>AT-4324-15-0675-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | DATE: June 2, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerry Girley, Esquire, Orlando, Florida, for the appellant.

Luis E. Ortiz, Esquire, Orlando, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniform Services Employment and Reemployment Rights Act of 1994 (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On July 8, 2015, the appellant filed an appeal alleging that, because of his military service, the agency: (1) distributed more overtime hours to nonveterans; (2) failed to select him for two vacancies for which he was qualified; and (3) required him to work an undesirable shift for more time than a nonveteran.[2] Initial Appeal File (IAF), Tab 1. After allowing the parties to submit evidence and argument, and following a hearing, the administrative judge denied the appellant's request for corrective action. IAF, Tab 26, Initial Decision (ID). The administrative judge found that the appellant failed to show that his military service was a substantial or motivating factor in the agency's actions. ID at 1, 7.

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

---

[2] As found by the administrative judge, the appellant served in the U.S. Marine Corps from 1981 through 1984. Initial Appeal File, Tab 26, Initial Decision at 3; Hearing Compact Disc (testimony of the appellant).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4        Under USERRA, a person who has performed service in a uniformed service shall not be denied any benefit of employment by an employer on the basis of that performance of military service.  38 U.S.C. § 4311(a).  The appellant bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the agency's action. *McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 19 (2013).  The appellant's military service is a motivating factor in the agency's action if the employer "relied on, took into account, considered, or conditioned its decision" on that service.  *Id*., ¶ 20 (citing *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009)).  Discriminatory motivation under USERRA may be established by direct evidence or reasonably inferred through a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.  *Id*.; *see Sheehan v. Department of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).  If the appellant meets his initial burden, the employer can avoid liability by demonstrating, as an affirmative defense, that it would have taken the action for a valid reason without regard to the employee's military service.  *McMillan*, 120 M.S.P.R. 1, ¶ 19.

¶5        On review, the appellant argues that he met his prima facie case because he presented evidence that another employee, L.C., who was not a veteran, was assigned more overtime than was the appellant.  PFR File, Tab 1 at 1, 3.  The appellant also asserts that he presented evidence before the administrative judge that the way the agency distributed overtime was in violation of the master labor agreement.  *Id*. at 3‑4.

¶6    The administrative judge found, based on the appellant's former supervisor's sworn statement in an equal employment opportunity investigation, that the appellant did not want to work overtime and that overtime was given to employees, including L.C., who expressed a desire to work overtime. ID at 5; *see* IAF, Tab 14 at 140‑42. The administrative judge also found that the appellant testified that every employee identified by his former supervisor as wanting to work overtime, with the exception of L.C., were veterans. ID at 5; HCD (testimony of the appellant). The appellant does not contest these findings on review, and we discern no reason to disturb them.

¶7    The administrative judge also found that the appellant failed to present any direct evidence of discrimination based on his military service, such as statements by agency managers suggesting an animus against individuals with prior military service. ID at 5. The administrative judge further found that the fact that four other veterans were afforded overtime by the appellant's former supervisor "seriously erodes any inference that the real reason [the appellant's former supervisor] provided overtime to L.C. was because of the appellant's military service." ID at 6. The administrative judge concluded that the record failed to raise even an inference of anti-military animus regarding the allocation of overtime. *Id*.

¶8    As explained above, under USERRA, when an appellant meets his initial burden of proof, the agency may avoid liability by showing, as an affirmative defense, that it would have taken the same action for a valid reason without regard to the appellant's military service. *McMillan*, 120 M.S.P.R. 1, ¶ 19. Here, as the administrative judge correctly found, the appellant did not meet his initial burden of proof by a preponderance of the evidence. ID at 7. Thus, the burden of production did not shift to the agency.

¶9    Regarding the appellant's claim that the agency's method of assigning overtime violated the master labor agreement, the administrative judge found that, while those claims might constitute an unfair labor practice, absent more, they

are not evidence that the agency acted because of the appellant's military service. ID at 6 n.1. On review, the appellant does not allege error in the administrative judge's finding.

¶10 Concerning the appellant's nonselection claim raised below, the administrative judge found that the individuals selected for the positions were veterans and therefore the appellant did not present even the inference that anti-military animus was a motivating factor. ID at 6. The appellant does not challenge this finding on review. Similarly, the appellant does not challenge the administrative judge's finding that, while there may have been favoritism in the assignment of the less desirable second shift, there was no evidence that the favoritism was based on the appellant's military service. ID at 6.

¶11 In sum, after carefully considering the appellant's arguments on review, we discern no reason to disturb the administrative judge's well-reasoned initial decision denying the appellant's request for corrective action. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:  _____

                                  William D. Spencer

                                  Clerk of the Board

Washington, D.C.